Mr. Chief Justice Bingham
delivered the opinion of the Court:
A motion was filed in this cause by the appellee to advance the hearing, to which objection was made by the appellant on the ground that the case was not yet in this court. On the 15th day of December an appeal was taken from the decision of the Orphans’ Court in relation to issues framed to test the validity of the will of Michael Talty, by trial in the Circuit Court, and it is claimed by the appellant that he has thirty days in which to perfect his appeal.
It is insisted by the appellant that section 18 of sub-chapter 15, chapter ioi, of the Act of Maryland of 1790, so far as it describes the process of appeal, is still applicable to this court, and as that act provides that the appeal may be taken within thirty days the. appellant has all that time in which to exercise-his discretion as to perfecting the appeal.
The 5th section of the Act of Congress of June 21, Í87.G, has continued in force all such laws and parts of laws relating to the Orphans’ Court as might be applicable to the Supreme Court. But it has also repealed all such laws and parts of *33 laws as were not so applicable, and the question remains whether or not the 18th section of the law of 1798 is applicable to the Orphans’ Court as organized in this District under 'the Act of June 21, 1870. An inspection of the Act of Maryland, together with the act organizing this court and the act providing that the Orphans’ Court shall be one of the Special Terms of the Supreme Court of the District, will readily settle the question.
It is evident that the condition of things in Maryland in ■1798 to which that act had reference does not exist here. The Orphans’ Court, as provided for there in the exercise of its jurisdiction, is entirely different from that in this District. The court to which an appeal would be taken by the Act of 1798, is a different court from that tó which an appeal must be taken from the Orphans’ Court here, and the express provision of the organic act of this District, relating to appeals from special terms providing that appeals may be taken to the ■General Term from all orders and decrees in any action or ■proceeding involving the merits of the action or proceeding is so variant from the condition of things under which an ■appeal could be taken from the Orphans’ Court in Maryland, that the 18th section of the Act of Maryland as to appeals from the Orphans’ Court is not applicable here. But this is .not an open question.
It has been decided by the General Term in the case of Keyser, Receiver, vs. Brietbarth, Administrator, 2 Mackey, 332. The counsel in that case made precisely the same argument, both pro and con, upon this proposition that was made to us in the pending case. Chief Justice Cartter, in delivering "the opinion of the court, said:
“By virtue of the Act of Congress of June 21, 1870, this ■court has succeeded to all the powers and jurisdiction of the •old Orphans’ Court, which powers and jurisdiction are now •exercised by a justice of this court holding a special term for that purpose. Such special term so held is, to all intents and purposes, exactly similar to any other special term of the ■court. The 18th section of sub-chapter 15, Act of Maryland, *34 1798, chapter 101, so far as it prescribes a process of appeal,, is not applicable to this court; our machinery is much simpler and fully sufficient for the purpose. An appeal from the action of the justice holding a special term for Orphans’ Court business is to be taken in the same manner as an appeal from the action of a justice holding any other special term of the-court.”
We fully concur in the conclusion to which the court there-arrived. It follows that this case is properly in this court.